IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

———

JOHN MCCALLICK,

        Plaintiff,

v.                                                                No. CIV 97-1500 BB/WWD

WAL-MART STORES, INC.,

        Defendant.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's Motion to Remand (Doc. 12). The Court, having reviewed the submissions of the parties and the relevant law, finds that the motion will be GRANTED.

**Background**

Plaintiff filed a lawsuit in state court against Defendant, alleging that Plaintiff had slipped and fallen in one of Defendant's stores and suffered injuries as a result. In accordance with New Mexico's rules of pleading, NMRA 1998 1-010(B), Plaintiff's complaint did not request a specific amount of damages. Defendant subsequently filed a notice of removal to this Court, on the basis of diversity of citizenship. Plaintiff has now filed a motion to remand the case to state court, arguing that the amount-in-controversy requirement has not been satisfied. See 28 U.S.C. § 1332(a) (requiring minimum amount in controversy in diversity-jurisdiction cases).

**Discussion**

Ordinarily, the amount in controversy is determined by the complaint's good-faith allegations as to damages. In response to the growing tendency of state courts to forbid plaintiffs

from specifying a sum certain as damages, however, federal courts have developed an accepted standard for deciding whether the amount in controversy is sufficient to allow a federal court to assert removal jurisdiction over a particular case.  The Tenth Circuit does not appear to have addressed the issue, but many of the other circuits have, with consistent results.  Where, as in this case, a state-court complaint does not specify a sum certain as damages, a defendant wishing to remove a diversity case must establish by a preponderance of the evidence that the amount in controversy exceeds the applicable jurisdictional minimum, now $75,000.  See, e.g., Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 376 (9th Cir. 1997); Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995); Gafford v. General Elec. Co., 997 F.2d 150, 160 (6th Cir. 1993).  This standard has been applied in published opinions written by district courts in the Tenth Circuit. See, e.g., Amundson & Assoc. Art Studio, Ltd. v. Nat. Council on Compensation Ins., Inc., 977 F.Supp. 1116, 1122 (D.Kan. 1997); Barber v. Albertson's, Inc., 935 F.Supp. 1188, 1190 (N.D.Okl. 1996).  In this District, the standard has been applied in a number of unpublished opinions.  See, e.g., Madrid v. El Paso Natural Gas Co., Inc., No. CIV 97-1369 (memorandum opinion filed December 8, 1997); Martinez v. Pep Boys, No. CIV 97-0654 (memorandum opinion filed July 21, 1997).  Following this established authority, the Court will hold that the burden in this case is on Defendant to prove, by a preponderance of the evidence, that the amount in controversy is greater than $75,000.

      The next question to be answered is that of the means available to Defendant to meet the burden imposed.  That is, must Defendant have presented the requisite proof in the notice of removal, or should the parties have an opportunity to later submit evidence regarding the amount

in controversy? Some circuits follow the latter approach. See Singer, 116 F.3d at 377 (if it is not facially apparent from the complaint whether the jurisdictional amount has been met, the court may consider the facts contained in the removal petition, or may require the parties to submit "summary-judgment-type evidence" concerning the amount in controversy); Allen, 63 F.3d at 1335-36 (same). The Tenth Circuit, however, appears to be more restrictive. In Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), the Court held that "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." The Court went on the hold that the party requesting removal must, in the notice of removal itself, set forth the underlying facts supporting the assertion that the minimum-amount-in-controversy requirement has been met. Id. Although the defendant in Laughlin proffered evidence concerning the amount in controversy after the notice of removal had been filed, the Tenth Circuit held that the evidence could not be considered. Instead, said the Court, the requisite amount in controversy must be affirmatively established on the face of the complaint or the notice of removal. Id. In light of Laughlin, it appears that it was incumbent on this Defendant to set forth facts, in the notice of removal, showing that the amount-in-controversy requirement has been met. See Barber, 935 F.Supp. at 1192 (interpreting Laughlin to impose such a hurdle).

To decide whether Defendant met its burden, it is first necessary to examine Plaintiff's state-court complaint to determine whether, on its face, it establishes that the amount in controversy is greater than $75,000. See Allen, 63 F.3d at 1335 (court can determine in first instance that removal was proper if it is facially apparent from complaint that plaintiff's claims exceed the jurisdictional minimum). The complaint is extremely general and vague concerning the

exact injuries suffered by Plaintiff.  For example, there is no indication of the location or nature of Plaintiff's alleged injuries.  In addition, Plaintiff made no claim for lost wages, either past or future.  Plaintiff also failed to specify the amount of his medical bills, and made only broad allegations of "permanent" injury, "severe" pain, and "large" medical bills.  These general allegations are not sufficient to show by a preponderance of the evidence that the amount in controversy is greater than $75,000.  See Ransom v. Wal-Mart Stores, Inc., 920 F.Supp. 176, 177-78 (M.D.Ga. 1996) (complaint's general allegations of serious injuries, pain and suffering, and lost wages, without any specificity as to extent or nature of injuries, held insufficient to prove by preponderance that verdict may reasonably exceed minimum jurisdictional amount); see also Gibson v. Jeffers, 478 F.2d 216, 221 (10th Cir. 1973) (general statements concerning injuries suffered held not sufficient to establish requisite amount in controversy).

      The Court must next examine the notice of removal to determine whether it sets forth sufficient underlying facts to make the required showing as to the amount in controversy.  The notice, however, adds no new relevant facts to the allegations of the complaint.  Instead, the notice simply quotes the portions of the complaint that refer generally to a permanent injury, severe pain, and theoretically "large" sums of money.  The Court has already determined above that these general allegations are insufficient to show that the amount in controversy is greater than $75,000.  In addition, quoting the allegations of the complaint does not meet Defendant's burden of setting forth facts tending to establish the amount in controversy.  See Barber, 935 F.Supp. at 1191 (defendant's conclusory statement, in petition for removal, of Plaintiff's damages allegations is insufficient).  The only new item presented in the notice of removal is the "fact" that Plaintiff refuses to stipulate that his damages are less than $75,000.  This refusal to stipulate does

nothing, standing alone, to establish that the amount in controversy is actually greater than $75,000.  See id. (plaintiff's refusal to admit that the amount in controversy did not exceed $50,000, standing alone, did not establish that the former jurisdictional minimum of $50,000 had been met).

Defendant was required, under Laughlin, to present sufficient facts in its notice of removal to show that the amount in controversy exceeded $75,000.  Defendant could have met this requirement by, inter alia, providing a description of Plaintiff's claimed injuries along with an economic analysis of those claimed injuries, an affidavit of a claims adjuster, local jury verdicts in like cases, or other similar evidence.  This may require defendants to forego removal until they have performed sufficient discovery to meet this limited burden.  See Barber, 935 F.Supp. at 1192-93 (noting that initial discovery could have focused on elements of damages claimed by plaintiff to determine whether amounts of claims exceeded jurisdictional minimum).  However, this is preferable to requiring the federal court to speculate on the possibility that the case may meet its jurisdictional prerequisites.

Rather than setting forth facts such as those noted above, Defendant merely quoted language from the complaint and pointed out that Plaintiff refuses to stipulate to a cap on damages.  As the Court has discussed, this was not sufficient to meet the burden imposed on Defendant, to prove by a preponderance of the evidence that the amount-in-controversy requirement has been met in this case.

The Court notes that Plaintiff has requested an award of attorney's fees and costs necessitated by Defendant's removal of this case.  Plaintiff did not specify an amount of fees or submit any evidence of time spent on the case.  Similarly, Plaintiff did not indicate whether any of

the proceedings at the federal level have produced information that will be helpful at the state level. For these reasons, the Court will not award attorney's fees and costs. See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1353 (10th Cir. 1997) (district court has discretion to assess attorney's fees and costs for improper removal).

**Conclusion**

As the Laughlin case noted, there is a presumption against removal jurisdiction. Pursuant to the foregoing, the Court finds that Defendant has not overcome that presumption in this case. Therefore, Plaintiff's motion to remand will be GRANTED. Attorney's fees and costs will not be assessed against Defendant.

An Order in accordance with this Memorandum Opinion will issue.

Dated this 2nd day of April, 1998.

/s/ Bruce D. Black
BRUCE D. BLACK
United States District Judge